NO. 83-443

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

TIMOTHY CUCHINE,

              Plaintiff and Appellant,

    vs.

H. O. BELL, INC., and
FORD MOTOR CREDIT CO.,

              Defendants and Respondents.

---

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Missoula
              Honorable Robert M. Holter, Judge presiding.

Counsel of Record:

        For Appellant:

        Tipp, Hoven, Skjelset & Frizzell, Missoula, Montana

        For Respondents:

        Boone, Karlberg & Haddon, Missoula, Montana
        Barbara Conrad, Missoula, Montana

---

                          Submitted on briefs: March 30, 1984

                                     Decided: June 4, 1984

Filed: JUN 4 1984

*Ethel M. Harrison*
_____
              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Timothy Cuchine appeals from a summary judgment of the District Court, Fourth Judicial District, Missoula County, in favor of Ford Motor Credit Company.

On October 15, 1980, Timothy Cuchine purchased a pickup from H. O. Bell, Inc. under a retail installment sales contract which was subsequently assigned to Ford Motor Credit Company. Cuchine later began experiencing difficulties with the pickup and returned it to H. O. Bell to be repaired. When it became apparent that the truck could not be adequately repaired, Cuchine left the truck with H. O. Bell and filed a suit against H. O. Bell and the credit company for rescission or revocation of the installment contract due to breach of the implied warranties of merchantability and fitness for a particular purpose. The credit company filed an answer, admitting that it was the assignee under the contract and asserting a counterclaim for the payments due under the contract. Shortly thereafter, the contract was reassigned to H. O. Bell and a motion for summary judgment was filed in the District Court. The District Court granted the credit company's motion for summary judgment and Cuchine now appeals from the order granting the motion.

The issue presented on appeal is whether the assignment of a retail installment sales contract imposes full contract liability on the assignee of certain rights under the contract.

Cuchine contends that the credit company assumed full contract liability when the assignment was accepted. Cuchine further contends that the credit company could not avoid this liability during the pendency of the action by reassigning

- 2 -

the contract to H. O. Bell. Cuchine predicates the credit company's liability under the contract upon the following language which appears in the contract in bold, capital letters:

> "NOTICE -- ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

This language is consistent with section 9-318 of the Uniform Commercial Code, adopted in Montana as section 30-9-318, MCA. That section reads in pertinent part:

> "Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in 30-9-206, the rights of an assignee are subject to:

> "(a) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom;. . ."

At common law, it is a well established rule that a party to a contract cannot relieve himself of the obligations which the contract imposed upon him merely by assigning the contract to a third person. 6 Am.Jur.2d Assignments § 110; 6A C.J.S. Assignments § 31. Therefore, we must determine whether, under the Uniform Commercial Code, the assignment of the contract to the credit company imposed full contract liability on the credit company as assignee.

The case law as to the effect of section 9-318 of the UCC on the liabilities of an assignee of contract rights is scant, but conclusive. In Michelin Tires v. First National Bank of Boston (1st Cir. 1981), 666 F.2d 673, the court examined section 9-318 and determined that:

> "The key statutory language is ambiguous. That 'the rights of an assignee are subject to . . . (a) all the terms of the contract' connotes only that the assignee's rights to recover are limited by the

- 3 -

obligor's rights to assert contractual defenses as a set-off, implying that affirmative recovery against the assignee is not intended." (Citations omitted.) 666 F.2d at 667.

The court also noted that:

"The words 'subject to,' used in their ordinary sense, mean 'subordinate to,' 'subservient to,' or 'limited by.' There is nothing in the use of the words 'subject to,' in their ordinary use, which would even hint at the creation of affirmative rights." 666 F.2d at 667.

See also Gold Circle v. Riviera Finance-East Bay (N.D. Cal. 1982), 540 F.Supp. 15.

Such a conclusion is buttressed by the official comment to section 9-318. Official Comment 1 provides in pertinent part:

"Subsection (1) makes no substantial change in prior law. An assignee has traditionally been subject to defenses or set-offs existing before an account debtor is notified of the assignment."

Under prior law, the assignee of a contract was generally not held liable for the assignor's breach of contract. Thompson v. Lincoln National Life Insurance Co. (1943), 114 Mont. 521, 138 P.2d 951; Apple v. Edwards (1932), 92 Mont. 524, 16 P.2d 700. This rule has been carried into current law as well; where it is not clearly shown that the assignee under a contract expressly or impliedly asumed the assignor's liability under the contract the assignee is not subject to the contract liability imposed by the contract on the assignor. Massey-Ferguson Credit Corporation v. Brown (1977), 173 Mont. 253, 567 P.2d 440.

We believe that the intent of section 9-318 of the Uniform Commercial Code and section 30-9-318, MCA, was to allow an account debtor to assert contractual defenses as a set-off; the provisions were not intended, generally, to place the assignee of a contract in the position of being

- 4 -

held a guarantor of a product in place of the assignor. Therefore, the summary judgment of the District Court is affirmed.

_____
                 Justice

We concur:

_____
     Chief Justice

_____

_____

_____

_____
          Justices


Mr. Chief Justice Frank I. Haswell, Mr. Justice Daniel J. Shea
and Mr. Justice Frank B. Morrison, Jr., dissent and will file
written dissents later.

- 5 -

DISSENT OF MR. JUSTICE DANIEL J. SHEA

No. 83-443

Timothy Cuchine,

    vs.

H. O. Bell Inc. and Ford Motor Credit Co.



FILED

JAN 3 - 1985

Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

Mr. Justice Daniel J. Shea dissenting:

I concur with the dissent of Mr. Justice Morrison. The majority has improperly decided this case on an issue not presented by this appeal. The issue of contractual liability assumed by H. O. Bell under the assigned contract was not presented at the trial court level, nor by the appellant's brief. Rather, the sole issue appealed was whether Ford Motor Credit Company could relieve itself of its contractual obligations, by assigning the contract to H.O. Bell. Instead of ruling on those legal issues properly presented to this Court, the majority has raised its own issue in order to justify the desired result.

I would hold that Ford Motor Credit Company could not relieve itself of its contractual obligations by assigning the contract to H. O. Bell. Accordingly, the summary judgment entered in favor of Ford Motor Credit Company should be reversed and the cause remanded for further proceedings.

Daniel J. Shea
Justice

Mr. Chief Justice Frank I. Haswell, dissenting.

I fully concur in the dissent of Mr. Justice Morrison. However, since the majority have decided this appeal on the ground that the credit company is not liable to the consumer under the terms of the contract, I further dissent to that holding.

The contract contains the following provision in bold face print on the face of the contract:

> "NOTICE--ANY HOLDER OF THIS CONSUMER CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."

This provision clearly and unambiguously states that the holder of the contract (Ford Motor Credit Company) is subject to all claims and defenses which the debtor (Cuchine) could assert against the seller (H. O. Bell, Inc.). This provision for consumer protection is mandatory under Federal Trade Commission regulations. 16 C.F.R. Sec. 433.2 (1978). If Cuchine got a "lemon," he has a claim against H. O. Bell to which Ford Motor Credit Company is subject.

Alternatively, this consumer contract should be recognized for what it is -- an adhesion contract. There is no real choice or bargaining on the terms of the contract. It is offered to the consumer on a take-it-or-leave-it basis and he must accede to the terms required by the finance company.

The FTC regulation is an attempt to protect the power-less consumer. Montana's version of the UCC provides a means for the Court to assist those purchasing goods for personal, family or household use:

1

FILED
JUN 15 1984
Ethel M. Harrison
CLERK OF SUPREME COURT
STATE OF MONTANA

"Unconscionable contract or clause. (1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

"(2) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination."

Contrary to the majority opinion, I would hold the credit company liable to the consumer under the contract, both by its express terms or alternatively under non-enforceability of unconscionable terms if otherwise interpreted.

_Frank A. Haswell_
Chief Justice

2

Mr. Justice Frank B. Morrison, Jr. respectfully dissents as follows:

The majority opinion recognizes the "well established rule" that a party to a contract cannot relieve himself of obligations imposed by the contract by assigning the contract to a third person. However, the majority then goes on to determine whether, under the Uniform Commercial Code, the assignment of the contract to the credit company imposed full contract liability on the credit company as assignee. While it may appear that, pursuant to section 30-9-318, MCA, the assignee assumed full liability by operation of law, the issue is not before this Court.

At the trial court level Ford Motor Credit Company moved for summary judgment based upon its assignment of the contract to H.O. Bell. This issue was briefed. The trial court granted summary judgment based upon that re-assignment. Cuchine appealed. The only issue on appeal was whether the assignment by Ford Motor Credit Company to H.O. Bell effectively insulated Ford Motor Credit Company from liability. In respondent's brief mention is made of an interpretation of section 30-9-318, MCA, which would protect Ford Motor Credit Company from liability. Since this issue was not presented below it was not addressed by the appellant's brief. It was first raised on appeal in the respondent's brief. The issue is not properly before this Court and the majority opinion, in turning the case on this issue, has prevented appellant Timothy Cuchine from having his day in court.

I would hold that the re-assignment from Ford Motor Credit Company to H.O. Bell, Inc., did not relieve Ford Motor Credit Company from its liability. I would therefore reverse

3

summary judgment in favor of Ford Motor Credit Company and remand for trial.

_____
Justice